1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT facility

DONALD O. SALAVEA,

    Plaintiff,

    v.

DOCTORS OF MENTAL HEALTH AT WASHINGTON CORRECTIONS CENTER *et al.*,

    Defendants.

Case No. C05-5679RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**April 7th, 2006**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff has been given leave to proceed *in forma pauperis.*  (Dkt. # 4).  The complaint in this action does not name any person as a defendant.  On November 11th, 2005 the court entered an order requiring plaintiff to file an amended complaint that named the defendants. (Dkt. # 6).  Since that time plaintiff has filed two service order forms.  One form names Eric Currier and the other form names Roberta Knesse.  (Dkt. Staff note dated December 19th, 2005).  Plaintiff did not file an amended complaint that tells the court what these two people did and why plaintiff believes these two people to be proper defendants.

    A second order to file an amended complaint was entered giving plaintiff another opportunity

ORDER

to file a proper complaint. (Dkt. # 8). Plaintiff has not complied with the courts orders and has not filed a complaint that names a proper defendant. The court now recommends this action be **DISMISSED WITHOUT PREJUDICE**.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed **by a person** acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (emphasis added). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff has been given two opportunities to file an amended complaint and has failed to comply with the court's orders. Further, he was specifically informed that failure to file an amended complaint would result in a Report and Recommendation that this action be dismissed.

The court should **DISMISS** this action **WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7th, 2006.**

DATED this 13th day of March, 2006.

                */S/ J. Kelley Arnold*
                J. Kelley Arnold
                United States Magistrate Judge

ORDER